UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLEY-ROSS & ASSOCIATES, INC.,

        Plaintiff,

  v.

EXPRESS SCRIPTS, INC.,

        Defendant.

C22-148 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's Motion to Dismiss the Amended Complaint, docket no. 28, is GRANTED and the claim for breach of the covenant of good faith and fair dealing is DISMISSED with prejudice and without leave to amend. Plaintiff has alleged that their contract gave Defendant the discretion to alter the list of Covered Specialty Medications. Am. Compl. at ¶ 31 (docket no. 27). Plaintiff further alleges that Defendant abused this discretion because, assuming Emtricitabine-Tenofovir Disoproxil Fumarate ("ETDF") is determined to not be a covered Specialty Medication, Defendant did not either: (i) change the list of Covered Specialty Medications to include ETDF, or (ii) reimbursing Plaintiff at the Generic – A rate for ETDF so that the reimbursement rate would be high enough to cover the actual costs of dispensing ETDF. Id. at ¶¶ 48–49.

These allegations fail to adequately plead a claim for breach of the covenant of good faith and fair dealing. Rather than alleging that Defendant affirmatively exercised its discretion to determine a contract term in a way that denied Plaintiff the full benefit of its bargain, Plaintiff alleges that Defendant chose not to exercise its discretion and enforce the contract as written. See Badgett v. Sec. State Bank, 116 Wn.2d 563, 569, 807 P.2d 356 (1991) ("[T]he duty of good faith does not extend to obligate a party to accept a material change in the terms of its contract."). Further, leave to amend would be futile because "[a]s a matter of law, there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." Id. at 570. As Defendant did not exercise its discretion under the contract, Plaintiff cannot cure the pleading by alleging other facts. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

MINUTE ORDER - 1

1  (2)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 29th day of August, 2022.

Ravi Subramanian  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 2